IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:20-cv-720-ECM-JTA ) |
| LISA M. BURDETTE, | ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e). The plaintiff, proceeding *pro se*, filed a petition urging this court to issue a writ of mandamus directing Lisa M. Burdette, Circuit Clerk of Chambers County, Alabama, to return money to him. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. (Doc. No. 3.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   STANDARD OF REVIEW**

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3)

1

seeks monetary relief against a defendant who is immune from such relief. The purpose of section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous under § 1915(e)(2)(B)(i) where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

3

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.     FACTUAL ALLEGATIONS

Plaintiff Johnny Hughley alleges that in 1988 monies for settlement of a fraud action brought by him in the Circuit Court for Macon County, Alabama, were submitted to the Circuit Clerk of Chambers County, Alabama ("Circuit Clerk"), pursuant to a state court order. (Doc. No. 1 at 4; Doc. No. 1-2 at 15-16.) The Circuit Clerk was directed to satisfy a judgment against Plaintiff for $30,000 by "payment of the same from those monies belonging to [Plaintiff]" that was on deposit with the Circuit Clerk. (Doc. No. 1-2 at 28.) The remaining settlement monies[1] were to be provided to Plaintiff and his attorney. (Doc. No. 1-2 at 29.) Plaintiff alleges that he never received fully his portion of the settlement

---

[1] Plaintiff alleges this amount was $181,297.10 of which only $90,378.95 was returned to him. (Doc. No. 1 at 5.) He alleges the Circuit Clerk "took it upon her own self" and kept $90,918.14 that has "never been returned" to him. (*Id.*)

4

funds from the Circuit Clerk and files this petition for writ of mandamus in order to obtain the funds.[2]

### III. DISCUSSION

The court has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e). Upon review, the court finds that the Complaint fails to state a claim on which relief may be granted as this Court lack jurisdiction to grant the mandamus relief sought. Consequently, the Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The statutory language of 28 U.S.C. § 1651, "in aid of their respective jurisdictions, does not empower a district court to create jurisdiction where . . . none exists." *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 211 (E.D.N.Y. 1998). Specifically, "a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Id.* While the law is well-settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a specific duty, *see* 28 U.S.C. § 1361, federal courts lack jurisdiction to issue writs compelling action by

---

[2] Plaintiff has submitted documentation from the Circuit Court of Chambers County, Alabama, showing that he filed a motion for return of funds and in 2015 the motion was "denied as moot as said funds have been dispersed as Ordered." (Doc. No. 1-1; Doc. No. 1-2 at 26.) Plaintiff also filed a motion to compel for the funds which was denied in August 2019 because "the funds have been dispersed as Ordered." (Doc. No. 1-2 at 25.)

state officials in the performance of their duties when mandamus is the relief sought. *Lamar v. 118th Judicial Dist. Court of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971) [3] (holding "federal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought"); *Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781 (11th Cir. 2008); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (holding "[t]he federal courts have no general power to compel action by state officials" and, when a plaintiff "expressly [seeks] relief in the nature of mandamus," a federal court lacks jurisdiction to grant such relief). Thus, a federal court has no authority by way of mandamus to address an action or omission of a state official. *In re Cook*, 589 F. App'x 44, 45 (3d Cir. 2014). *See also Noble v. Cain*, 123 F. App'x 151, 152 (5th Cir. 2005) (holding that mandamus relief is not available to federal courts to direct state officials in the performance of their duties and functions); *Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that district court properly construed motion to direct state court activities as petition for writ of mandamus). Where the only relief sought by a plaintiff is to compel action by a state official through relief that is mandamus in nature, this Court lacks jurisdiction to grant the relief and should dismiss the petition. *Lawrence*, 272 F.

---

[3] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

App'x at 781; *In re Tart*, 764 F. App'x 355 (4th Cir. 2019) (holding that a federal court lacks jurisdiction to grant mandamus relief against state officials).

It is clear from the foregoing that this Court has no mandamus authority over the Circuit Clerk and, thus, lacks jurisdiction to grant the mandamus relief sought by Plaintiff. The petition is due to be dismissed.

## IV.   CONCLUSION

Based on the foregoing, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's petition for writ of mandamus (Doc. No. 1) be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction.

It is further

ORDERED that **on or before March 17, 2021**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of March, 2021.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE